Byrne J. Decker, SBN Bar No. 337052
b.decker@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Two Monument Square, Suite 703
Portland, ME 04101
Telephone:   207-387-2963
Facsimile:   207-387-2986

Attorneys for Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEOFFRY BRENNICK<br><br>         Plaintiff,<br><br>    v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY<br><br>         Defendant. | Case No. 3:21-cv-02050-AJB-JLB<br><br>**ANSWER**<br><br>Complaint Filed: 12/8/2021 |

For its Answer, defendant Hartford Life and Accident Insurance Company admits, denies, and alleges as follows:

## PRELIMINARY ALLEGATIONS

1. Answering paragraph 1 of the plaintiff's Complaint, Hartford admits that this matter is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Hartford further admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Harford denies that the plaintiff is entitled to the relief sought and denies any remaining allegations contained in paragraph 1.

2. Answering paragraph 2, Hartford admits that, at relevant times, the plaintiff was employed by Dartmouth-Hitchcock Clinic as a dermatopathologist. Hartford further admits that while his claim for benefits was pending, the plaintiff moved to California. Hartford denies any remaining allegations contained in paragraph 2.

3. Answering paragraph 3, Hartford admits that it is a Connecticut corporation with its principal place of business in Connecticut. Hartford also admits that it is licensed to do and does business in California. In addition, Hartford admits that Dartmouth-Hitchcock Clinic established and maintained a plan of long-term disability benefits (the "LTD Plan") and a plan of life benefits (the "Life Plan") for its employees, and that at relevant times Dartmouth-Hitchcock funded its LTD Plan via a policy of group long-term disability insurance issued by Hartford to Dartmouth-Hitchcock ("the Group LTD Policy") and its Life Plan via a policy of group life insurance benefits issued by Hartford to Dartmouth-Hitchcock ("the Group Life Policy"). Hartford denies that it is the ERISA plan administrator and denies the remaining allegations contained in paragraph 3.

4. Answering paragraph 4, Hartford admits that the LTD Plan, the Group LTD Policy, the Life Plan, the Group Life Policy, and this matter are governed by ERISA. Hartford denies the remaining allegations contained in paragraph 4.

5. Answering paragraph 5, Hartford admits that venue is proper. Hartford denies any remaining allegations contained in paragraph 5.

## FIRST CLAIM FOR RELIEF
## AGAINST HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
## (29 U.S.C. § 1132(a)(1)(B))

6. Answering paragraph 6, Hartford incorporates its answers to paragraphs 1 through 5 above.

7. Answering paragraph 7, Hartford admits that the plaintiff was employed by Dartmouth-Hitchcock and that he participated in the Plan at relevant times. Hartford denies any remaining allegations contained in paragraph 7.

8. Answering paragraph 8, Hartford admits that the plaintiff submitted a claim for benefits and that Hartford approved benefits under the Group LTD Policy for the period of October 27, 2014 through November 15, 2020 and benefits under the Group Life Policy for the period January 28, 2015 through November 30, 2020. Hartford denies the remaining allegations contained in paragraph 8.

9. Answering paragraph 9, Hartford admits that the plaintiff submitted a claim for benefits and that Hartford approved benefits under the Group LTD Policy for the period through October 27, 2014 through November 15, 2020 and benefits under the Group Life Policy for the period January 28, 2015 through December 1, 2020. Hartford denies the remaining allegations contained in paragraph 9.

10. Answering paragraph 10, Hartford admits that it advised the plaintiff by letter of November 16, 2020 that he had failed to meet his burden of establishing continuing entitlement to benefits under the Group LTD Policy. Hartford further admits that it advised the plaintiff by letter of December 1, 2020 that he had failed to meet his burden of establishing continuing entitlement to benefits under the Group

Life Policy. The letters, which are set forth in the Administrative Record, speak for themselves and are the best evidence thereof; Hartford denies the allegations to the extent they are incomplete, inconsistent, or otherwise misconstrue the Administrative Record.

11. Answering paragraph 11, Hartford admits that the plaintiff, through counsel, submitted an appeal by letter of June 9, 2021 and that counsel submitted information in support of the appeal. Hartford further admits that by letters dated October 27, 2021, it advised the plaintiff, by counsel, that after appellate review, the plaintiff had failed to meet his burden of establishing continuing entitlement to benefits under either the Group LTD Policy or the Group Life Policy. The letters and submitted information, which are set forth in the Administrative Record, speak for themselves and are the best evidence thereof; Hartford denies the allegations to the extent they are incomplete, inconsistent, or otherwise misconstrue the Administrative Record.

12. Hartford denies the allegations contained in paragraph 12, including subparagraphs (a) through (d).

13. Hartford denies the allegations contained in paragraph 13.

14. Answering paragraph 14, Hartford admits that the plaintiff took the appeal required by the LTD Plan and the Life Plan. Hartford denies any remaining allegations contained in paragraph 14.

15. Hartford denies the allegations contained in paragraph 15.

16. Hartford denies the allegations contained in paragraph 16.

17. Hartford denies the allegations contained in paragraph 17.

18. Hartford denies each and every allegation contained in the plaintiff's Complaint that is not expressly admitted herein.

## DEFENSES

Hartford asserts the following defenses, each as a separate and distinct defense to the plaintiff's alleged causes of action, as well as to the entire Complaint. Hartford

does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense.

### First Defense

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

### Second Defense

The plaintiff's recovery herein, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the ERISA plan, the Group LTD Policy, and/or the Group Life Policy.

### Third Defense

The plaintiff's claims fail due to his failure to satisfy the terms of the ERISA Plan, the Group LTD Policy, and/or the Group Life Policy.

### Fourth Defense

There is no vesting of benefits under the ERISA Plan, the Group LTD Policy, and/or the Group Life Policy, and thus the plaintiff may not recover benefits for any future period of disability, but rather must provide period proof of alleged continuing disability.

### Fifth Defense

Hartford has complied with its promises, obligations, and duties to the plaintiff and the handling of the plaintiff's claim for benefits complied with ERISA.

### Sixth Defense

Hartford does not knowingly and intentionally waive any affirmative defenses, and reserves the right to amend this Answer to state additional such defenses in the event that facts become known to support them.

### REQUESTED RELIEF

Defendant Hartford Life and Accident Insurance Company respectfully requests the Court to:

A. Dismiss the plaintiff's claims against Hartford with prejudice and enter judgment in Hartford's favor;

B. Award Hartford its attorneys' fees under 29 U.S.C. § 1132(g) or any other appropriate law;

C. Award Hartford its costs of suit; and

D. Grant such other relief as is appropriate under the circumstances of this case.

DATED: February 24, 2022     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Byrne J. Decker
Byrne J. Decker
Attorneys for Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

49950066.1